This is Case 20-2120, IBKUL v. Alfwear. Mr. Quinn, please proceed. Thank you. May it please the Court, Darren Quinn for appellate and a trademark applicant, IBKUL UBHOT Ltd. The main issue on this appeal is whether the Board's final decision erred in finding a likelihood of confusion between opposer's KUL mark in Class 25 for clothing and applicant's stylized and colorized IBKUL mark in Class 25 for clothing, where at least 359 registered marks in Class 25 for clothing begin with or contain the word KUL or its phonetic equivalence KUL spelled K-U-L, K-U-H-L, or K-O-O-L. Mr. Quinn, this is Judge Toronto. I think we received a week or so ago a notification from Alfwear that the particular registration to which the Board limited its discussion had been canceled. What, if any, difference to what we have before us does that fact, assuming it is a fact, make? Just to elaborate, and you didn't file any kind of response, at least when I looked at what the Board describes for the four registrations, the one that it selected is the one with the umlaut and the one with the broadest scope of authorized use. The other three are different either in missing an umlaut, in the spelling, or in the one that I think has the same spelling, a narrower scope of use to rugged outdoor clothing and, I don't know, bottled water or something. Does that affect what analysis we have before us or should conduct? The question is, does it affect the analysis? I believe it does. Registration carries with it certain presumptions and rights. Some of those rights are presumption of validity, presumption that the goods that are listed in the registration doesn't matter if it's specialty active wear, a shirt is a shirt, as the Board had said. There's also a presumption that goes with the registration that it's all channels, as opposed to just the channels being actually used. There's also an issue with respect to saying that particular registration saying that the mark can be used in a font, color, or size. Without the registration, I believe the analysis would be properly limited to how did Althwere, opposer Althwere, actually use the mark. Now, all of that, most of that information, I believe, is already in the record. It's not a question of whether or not this court, whether or not the opposition could be filed by Althwere without a registration. Clearly, they could. A registration is not required to do it. But once you have the issue that now there's not a registration, it may be more of an analysis of an issue becoming moot. Because I don't believe it's clear to Dave DeNovo that it can say that you're going to give it all of the presumptions and rights of a registered mark. So the question, counsel, this is Judge Probst. Can you hear me? Yes, I can. Thank you. So the question we're left with is what do we do now? So is it your view that a remand is necessary so that the Board can reevaluate the conclusions it made without this canceled mark? Or is it argument today, which I couldn't quite get clarity on, whether you think we should just reverse on that basis or what? Well, I think the Court certainly has discretion to remand it based on there is no registration now. That is one option the Court can do. I mean, there were other references that were in play below, but none relied on as heavily as the Board did on this one, on the one that was canceled, right? Now, that is true, but there is an issue you can tell from the briefing near and dear to my heart is the sixth DuPont factor, which is the number and nature of similar marks in use on similar goods. So even if the Court does determine to remand based upon the fact that the registration that has now been canceled, I would request that the Court provide some additional guidance on this sixth DuPont factor, because there's certain issues that have come up in the briefing that I just haven't seen in any Federal Circuit decision. And as I see it, every single one of the panel here has authored at least one decision, Major's decision, in some cases, on the sixth factor. Respectfully, Counsel, we decide cases, we review judgments, we don't issue guidance. Understood. And, you know, there were three other pleaded registrations in this case that the Board expressly said it wasn't going to get to because it didn't have to. So I don't see how we can do anything other than vacate and remand this case at this point, since the one they relied on, I mean, I feel like you're quite right, and this can be a short argument with all due respect, you're quite right that they accepted the registration's listing of goods. It looks like the only evidence of actual use on goods is rugged outdoor clothing, whereas I.B. Cool is on active wear. That's a fact question that may be significantly different. I certainly can't decide that in the first instance. I don't see how we can do anything other than vacate and remand for the Board to look at those factual issues, or if it chooses to focus on the other three pleaded registrations, but I don't see how I could do any of that in the first instance. Well, I think the Court would be correct if it did reverse and remand based on that ground. Well, it wouldn't be a reverse and remand because that would suggest I'm finding in your favor, right? It would be a vacate and remand so that the Board could reevaluate under the appropriate facts. You're correct. You're correct. I didn't mean to misspeak. In light of that, and much to the Board's other questions, it may be best that I reserve the balance of my time for any rebuttal. I think that's a wise choice. Okay. We'll hear from Mr. Owen once. Just wait a sec while we get the balance. Are we all set, Justin? Okay. Mr. Owen, come on forward. Please proceed. Okay. I think there are three options the Court has, and you've talked about at least one. Talk a little louder just so I want to make sure he at home hears you, and the mic is up here, so just be a little louder. I hear you fine, but I want to make sure he can. Sure. All right. Is that about right? Can you just ask him if he can hear real quick? I just want to make sure he doesn't miss your argument. Okay. As long as... Okay. I can hear you, Your Honor. I would request that you keep this voice up and keep close to the microphone. Thank you. Sorry. Don't worry. You get your full time, whatever. Okay. All right. Yeah, I think there are three different options. I can give an overview of them, then I'm happy to dive in a little bit to the details if you would like. So Your Honor has mentioned one, and that would be to vacate and remand. The one that I still think the Court can do based on the simplicity of the record is to affirm based on at least two of the other registrations. We asserted... They weren't addressed by the Board. The Board expressly said it wasn't going to address the other three registrations. You're right. It focused on the primary one. No, you're right. Not focused on it. It expressly said it wasn't going to rely upon the other three, correct? That's correct. So how in the world can an appellate court in the first instance make fact findings underlying this testing, all these factors? First, let me state we stand ready to go to the TTAB and address those in the first instance. So maybe option number two is not going to fly. What was option number three? Option number three would just be to request additional briefing for you to consider based on what's in their existing record. So that we would do fact finding in the first instance based on that additional... Well, I mean, we've submitted... We asserted four registrations. Two are nearly identical. For instance, one, the only difference is the absence of an umlaut. The goods and services are identical, completely overlapping and identical. That's registration 4441177, identical recitation of the goods, belts, bottoms, hats, jackets, pants, shirts, shorts, tops. And then it has some added language. I have very little doubt that when you go back to the board, they're going to come to the same conclusion based on that registration they came based on this one. And I hate to send people back for unnecessary process, but I can't make fact findings in the first instance. And what's more, this is all a problem of your client's creation. They didn't file the paperwork to maintain the mark that was the subject of the cancellation. So you know what? The additional process that you have to undertake is really on them. Now, let me just ask you a process question. In one of the papers, the 28J or something, there was some reference to the fact that you had a pending motion with regard to the cancellation. Has that been disposed of? No, it's still pending. You're right. So the client filed a petition to reinstate the registration that has not yet been acted on to my knowledge. Correct. So we assume the TTAB, they'll just take care of all of that. The motion is before them, right? Yeah. If it goes down, I think that either that petition will have been acted on at that point, or depending on how quickly they go, it will not have. And then they'll make a decision based on that. Just out of curiosity, why don't you think about asking us to stay this case and ordering the TTAB to decide your reinstatement motion or stay it until they decide it? Because if it was reinstated, could we arguably pick back up the case? Yes. Yes. I think that's a good option. Yeah. And my option number two or three... That would be option four. My option four. I guess it would fall under my option of, you know, additional briefing to you. And I think that suggestion would be one that would certainly be open to. I mean, you practice presumably before them. We don't get that many cases. Do you have any... Is there any sense of how long it takes them to rule on these motions? Pretty rapid or... Fairly quickly. Two to three months. I think generally we should get a decision on the petition to reinstate. So I think... And is the nature of a reinstatement is, if granted, it's as if there was never a gap and it would not affect the analysis here? That's my understanding, yes. And reinstatement is still available even though you had a notification that it was about to expire. It expired. And then there's either a statutory or a regulatory... Is it a six-month window and you missed that too? That's correct. Yeah. There's a one-year time during which... One year. ...during which the renewal papers need to be filed. And then there's a six-month grace period. And that is what the client has missed. And so we're beyond that. That's why the client... I don't know if this matters. Do you happen to know? Does the board... Is it the board or some other component of the PTO? Yeah, the board. So does the board grant reinstatements when the grace period has been missed sometimes? In exceptional circumstances, it has that ability. But typically it doesn't. I think somebody showed it. That's right. Typically it does not. That's correct. Well, what are your exceptional circumstances? I'm just wondering if I want this case sitting on my docket while all of this plays itself out or not. I think it's a solo practitioner with COVID issues going on. And I think that the petition to reinstatement references those. I'm not sure why reminders were not sent internally or why the PTO reminder was not received by the client, which is what the petition states. And just for what it's worth, am I remembering correctly that the board did place some emphasis on the umlaut? Yes, that's correct. Right. So that's maybe the... I guess the board would have to decide whether that makes the 444-1177 significantly different. Yes, that's right. And alternative one would be the 1-990-375, which we would have to decide which one we would argue as the primary one. But that one is the identical mark with the umlauts. Except that that's the one limited to rugged outdoor clothing. That's correct. And the board in several of its DuPont factor discussions emphasized or mentioned at least that the registration it was analyzing was essentially unlimited in scope as to clothing and therefore... That's right. Okay. Yeah. So we'd need to argue either here or below that to the extent that there's not direct overlap that they're highly related. That is definitely below. All right. Anything further? No, Your Honor. Okay. Thank you. We have a little bit of rebuttal time. Let her take it away because the next person is also remote, so... Oh, good. Because the next person is remote also, so we'll just keep him away for a while. Are we good, Joseph? Okay. Mr. Quinn, you have some rebuttal time. Please proceed. Could I just ask you as a threshold matter, I don't want to use all of your time, but do you have a view or a strong view on the question we were discussing with your friend about whether we would hold this case here or remand it pending the disposition of the motion that's pending now? It's... My view would be that the pending motion to reinstate the registration is going to be very difficult. Even he acknowledged it's going to take exceptional circumstances. When I read his petition, it seemed to be saying that COVID and... By very difficult, you mean not that it's challenging for the board, but that it's a real uphill battle. I think it's challenging for... Yeah, it's challenging to reinstate it, so that would maybe a reason not to stay, but the court certainly has discretion to do so. And just out of curiosity, even if it were reinstated, would you then have arguments that ought to be best addressed by the board in the first instance regarding the effect of the lapse on this case? Many of my arguments, as you know, would be more legal as to what should happen, so I don't necessarily see the board talking about a lapse. My question to you is, when the board reinstates it, I don't know trademark law well enough to know this, and you all didn't brief it. If the board were to reinstate this, does that make it retroactive as though it never canceled it at all, as though there were no lapse, such that there's just no question it is a continuous trademark registration? That would be my understanding. If it's reinstated, I believe it would probably be retroactive, and so it would assume that there's no lapse. I don't know that for certain. I've never seen this situation before. The normal situation, as they say in the notices, are if you miss it, you've lost it, and there's no way to get it back, absent filing a new offer. Does your client or any third party play a role in the petition to reinstate? As I understand it, no. That's a petition that's made just to, I believe it's to the trademark examiner. It falls under the TSDR files is where you see it. It's not a motion that's made to the TSDR. I don't have the ability to oppose. Okay, Mr. Quinn, anything else? No, Your Honor. Okay, then I thank both counsel, and this case is taken under submission.